UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHARLES T. BARNARD AND FOOT TRAFFIC USA, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>FOOT TRAFFIC SHOES,<br><br>Defendant. | Case No: C 16-07253 SBA<br><br>**ORDER TO SHOW CAUSE REGARDING DENIAL OF MOTION FOR DEFAULT JUDGMENT AND SETTING ASIDE ENTRY OF DEFAULT** |

Plaintiffs Charles T. Barnard and Foot Traffic USA, LLC (collectively, "Plaintiffs") bring the instant trademark infringement action against Foot Traffic Shoes ("Defendant"). Presently before the Court is a Report and Recommendation ("R&R") on Plaintiffs' motion for default judgment prepared by Magistrate Judge Robert M. Illman (the "Magistrate"). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby defers full consideration of the R&R and directs Plaintiffs to show cause why the motion for default judgment should not be denied and the entry of default set aside to permit amendment of the complaint and proper service of summons.

## I. BACKGROUND[1]

"Upon information and belief, Foot Traffic Shoes is a California sole proprietorship having its principal place of business at 874 4th St., San Rafael, CA 94901." Compl. ¶ 4, Dkt. 1. Defendant's use of the "Foot Traffic" mark allegedly infringes Plaintiffs' exclusive rights to the same. Id. ¶¶ 9-29.

---

[1] Further factual and procedural information may be found in the Magistrate's R&R. Dkt. 35. Only that information pertinent to the instant analysis is included herein.

On December 20, 2016, Plaintiffs initiated the instant action, alleging causes of action for: (1) trademark infringement under Section 23 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation or origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125; (3) unfair competition under California Business and Professions Code section 17200 et seq.; and (4) deceptive, false and misleading advertising under California Business and Professions Code section 17500 et seq.

On March 16, 2017, Plaintiffs filed an Amended Proof of Service, purporting to show service of a summons and complaint on "Defendant . . . FOOT TRAFFIC SHOES" and "Other . . . GANA PANNETTA - OWNER." Dkt. 12. The proof of service describes service "in compliance with . . . California Code of Civil Procedure" by substituted service on a corporation, unincorporated association, or public entity. Id. at 1-2.

Defendant did not respond to the complaint or otherwise appear in the action. On October 20, 2017, Plaintiffs filed an Application to Enter Default Under Fed. R. Civ. P. 55(a) Against Defendant Foot Traffic Shoes ("Application to Enter Default"). Dkt. 23. Plaintiffs asserted therein:

> Defendant, a sole proprietorship, was served with the Complaint on or about March 23, 2017 pursuant to Fed. R. Civ. P. 4(h)(1) and (e)(1) and Cal. Code Civ. P. 415.20. Specifically, Defendant's manager was served with the Summons and Complaint, and a copy of the same was sent to Defendant by first-class mail. (See Dkt. No. 12).

Id. at 2. The Clerk of Court entered default as to "Foot Traffic Shoes" on October 26, 2017. Dkt. 25.

Thereafter, Plaintiffs filed a Motion for Default Judgment Against Defendant Foot Traffic Shoes. Dkt. 27. The Court referred the motion to the Magistrate. Dkt. 31. After holding a hearing, the Magistrate issued an R&R. Dkt. 35.[2] The Magistrate recommends that Plaintiffs' motion be granted and judgment entered against "Defendant Foot Traffic Shoes." Id. at 11.

---

[2] At the hearing, Plaintiffs advised the Magistrate that Defendant has changed the name of its store to "Shoes of Marin," but otherwise continues to infringe Plaintiffs' marks. R&R at 4.

## II. LEGAL STANDARD

A magistrate judge may prepare findings of fact and recommendations on dispositive matters pursuant to 28 U.S.C. § 636(b)(1). Once findings and recommendations are served, the parties have fourteen days to file specific written objections thereto. Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). A judge must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original). Absent a timely objection, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee notes to 1983 amendment (citing Campbell v. U.S. Dist. Ct., 501 F.3d 1114, 1121 (9th Cir. 1974), cert denied, 419 U.S. 879). A judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In addition, a judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

## III. DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look at its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (1999). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). Thus, a court contemplating the entry of default judgment must "assess the adequacy of service of process on the party against whom default is requested." Penpower Tech Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).

A plaintiff is responsible for serving a summons and a copy of the complaint in the manner and within the time prescribed. Fed. R. Civ. P. 4(c)(1). So long as a party receives sufficient notice of the complaint, Rule 4 should be "liberally construed" to uphold service. Benny, 799 F.2d at 492 (quotation marks and citations omitted). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." Id. (quotation marks and citation omitted). Under Rule 4, an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). "[A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" may be served in the same manner. Fed. R. Civ. P. 4(h)(1)(A).

Foot Traffic Shoes is alleged to be a sole proprietorship. Compl. ¶ 4; Dkt. 23 at 2. Plaintiffs purport to have served Foot Traffic Shoes pursuant to Federal Rule of Civil 4(h)(1) and California Code of Civil Procedure 415.20(a). See Am. Proof of Service at 1-3; App. to Enter Default at 2. However, these provisions govern service of process on corporations, partnerships, and other unincorporated associations subject to suit; a sole proprietorship—like Foot Traffic Shoes—is not such an entity.

Unlike other business entities, a sole proprietorship has no legal existence separate from its owner. Providence Wash. Ins. v. Valley Forge Ins., 42 Cal. App. 4th 1194, 1199 (1996) ("A sole proprietorship is *not* a legal entity itself. Rather, the term refers to a natural person who *directly* owns the business . . . .") (quotations and citation omitted; emphasis in original). To be sure, a sole proprietorship may operate under a fictitious business name. See Cal. Bus. & Prof. Code § 17900 et seq. However, "[t]he business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." Providence Wash. Ins., 42 Cal. App. 4th at 1200. Accordingly, service of process on a sole proprietorship "must accord with standards for service of individuals." Bd. of Trs. of Laborers Health & Welfare Tr. Fund for N. Cal. v. Perez, 2011 WL 6151506, at *4 (N.D.

Cal. Nov. 7, 2011), report and rec. adopted as modified, 2011 WL 6149518 (N.D. Cal. Dec. 12, 2011); see also Walters v. Silveria, 2007 WL 2751217, at *1 (N.D. Cal. Sept. 4 2007), report and rec. adopted, 2007 WL 2751216 (N.D. Cal. Sept. 19, 2007) ("[B]ecause Silveria Construction appears to be a sole proprietorship only . . . the basic question is whether Mr. Silveria, doing business as Silveria Construction, was properly served.").

In this case, service on Foot Traffic Shoes was not in accord with the standards applicable to individuals. Rule 4(e)(1) authorizes service on an individual pursuant to California law. In turn, California authorizes service by "personal delivery of a copy of the summons and the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered," substitute service is authorized. Id. § 415.20(b). Substitute service is permitted *only* after reasonably diligent efforts at personal service have been made, however. Evartt v. Sup. Ct., 89 Cal. App. 3d 795, 802 (1979) (substitute service ineffective and void where the plaintiff did not comply with the "mandatory prerequisite to such service by exercising reasonable diligence to effect personal service"). Additionally, where substitute service is permitted, the statutory requirements for such service "must be strictly complied with in order for jurisdiction over the person to be established by substitute means." Id. at 799.[3]

Plaintiffs have not demonstrated reasonable diligence to effect personal service. Indeed, the box regarding "due diligence" on the proof of service is left unchecked, and Plaintiffs provide no declaration establishing that attempts at personal service were made prior to its resort to substitute service. Cf. Walters, 2007 WL 2751217, at *2 (finding substituted service on sole proprietorship adequate where the plaintiff "provided sufficient evidence showing that personal delivery on [the owner] was attempted with reasonable diligence"). Instead, it appears Plaintiffs immediately resorted to substitute service under

---

[3] Substitute service may be accomplished by leaving copies of the necessary documents at one of several places, including a person's "usual place of business," in the presence of an adult person apparently in charge of that place of business, who shall be informed of the contents thereof, and by thereafter mailing a copy of the documents by first-class mail, postage prepaid to the person to be served at the place where the documents were left. Cal. Code Civ. Proc. § 415.20(b).

the provisions that govern service on corporations and other business entities, which, as discussed above, are inapplicable here.

The Court further notes that, although the proof of service identifies Foot Traffic Shoes and "GANA PANNETTA - OWNER," the complaint names only Foot Traffic Shoes. A lawsuit may be brought against an individual by suing and serving him under his fictitious business name. Pinkerton's Inc. v. Sup. Ct., 49 Cal. App. 4th 1342, 1348 (1996) (citing Cal. Code Civ. Proc., § 474; Billings v. Edwards, 91 Cal. App. 3d 826, 831 n.1 (1979)). However, "once [his] true name is discovered, all further proceedings should be in [that] name." Id. (citing Cal. Code Civ. Proc. § 474 (a defendant may be designated by a fictitious name, "and when his true name is discovered, the pleading or proceeding must be amended accordingly")); accord Steele v. Silver Oak Real Estate of Orange Cty., 2017 WL 3381470, at *10 (Cal. Ct. App Aug. 7, 2017). Suing Defendant in his true name likely would have obviated any confusion regarding the manner of service required. Further, it has been alleged that Defendant no longer uses the fictitious business name Foot Traffic Shoes. To ensure that any judgment rendered by this Court is fully enforceable, the complaint should be amended to allege Defendant's true name.

## IV. CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT Plaintiffs shall show cause why the motion for default judgment should not be denied and the entry of default against Foot Traffic Shoes be set aside in order to allow Plaintiffs to amend the complaint to include Defendant's true name and to effectuate proper service on Defendant. Plaintiffs shall file a written response to this Order, not to exceed ten pages, by no later than May 14, 2018. Failure to comply with this Order will result in the denial of the motion for default judgment and the setting aside of the entry of default against Foot Traffic Shoes without further notice.

IT IS SO ORDERED.

Dated: 05/03/2018

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge